SEMNAR & HARTMAN, LLP
Babak Semnar (SBN 224890)
bob@sandiegoconsumerattorneys.com
Jared M. Hartman (SBN 254860)
jared@ sandiegoconsumerattorneys.com
400 S. Melrose Dr., Suite 209
Vista, CA 92081
Telephone: (951) 293-4187; Fax: (888) 819-8230

Attorneys for Plaintiff
CORNELIUS BANKS

## U.S. DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELIUS BANKS**, an individual,**     vs.   EQUIFAX INFORMATION SERVICES, LLC;          Defendants. | Case No.:  **COMPLAINT FOR VIOLATIONS OF FEDERAL FAIR CREDIT REPORTING ACT** |

TO THE CLERK OF THE COURT, ALL PARTIES, AND THE HONORABLE U.S. DISTRICT COURT JUDGE:

Plaintiff, CORNELIUS BANKS, an individual, by and through her attorneys of record, hereby complain and allege as follows:

### INTRODUCTION

1. Plaintiff, through his attorneys, brings this action to challenge the actions of Defendant EQUIFAX INFORMATION SERVICES, LLC (hereinafter "EQUIFAX") for failing to maintain and/or to follow reasonable procedures to ensure maximum possible accuracy of the Plaintiff's consumer credit report, violations of the Federal Fair Credit Reporting Act (15 U.S.C. §§ 1682-1681x) ("Federal FCRA").

### JURISDICTION & VENUE

2. This action arises out of Defendant EQUIFAX's violations of the Federal FCRA,

1
**Complaint for Damages and Injunctive Relief**

1. over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1681p.

5. Defendant regularly conducts business within the County of Riverside, State of California, by maintain credit files upon each resident within the County of Riverside and furnishing those credit files and credit reports to potential creditors in credit application scenarios, and therefore personal jurisdiction is established.

6. Because all tortious conduct occurred while Plaintiff resided in the County of Riverside, City of Murrieta, venue properly lies in this court.

## **PARTIES & DEFINITIONS**

7. Plaintiff is a natural person whose permanent residence is in the County of Riverside, City of Murrieta, State of California.

8. Plaintiff is a natural person, and therefore a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) of the Federal FCRA.

9. The causes of action herein pertain to Plaintiff's "consumer credit reports", as that term is defined by 15 U.S.C. § 1681a(d)(1) of the Federal FCRA, in that inaccurate misrepresentations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, or household purposes, and employment purposes.

10. Defendants EQUIFAX is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f) of the Federal FCRA, as they regularly engage in, for monetary fees, dues, or on a cooperative nonprofit basis, the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

///

**FACTUAL ALLEGATIONS**

11. On July 29, 2013, in San Diego Superior Court case number 37-2009-00044942-CL-UD-CTL, the plaintiff Joe Bartlett filed an "Acknowledgement of Satisfaction of Judgment", thereby notifying the public record that the judgment that the plaintiff had obtained against Mr. Banks had been satisfied in full.

12. This proof of satisfaction of judgment is readily accessible from the court file, and is even accessible for electronic download from the Superior Court's website.

13. Unfortunately, however, in April 2016, Plaintiff discovered that Defendant has failed to update its public records section of the credit report that is has prepared for Plaintiff with the unequivocal fact that this judgment has been satisfied in full, and has consistently reported that the judgment is outstanding in the amount of $1,650.00.

14. Defendant published Plaintiff's credit report to third party potential creditors in July 2016 and May 2014.

15. As a result, Plaintiff has suffered embarrassment, anxiety, nervousness, and feelings of despair and frustration over the thought that the entire system of credit exists to keep him oppressed and unable to rebuild his credit to move on as a productive consumer, even though he has clearly satisfied the judgment in full, as well as fear, humiliation, and embarrassment over the thought that his creditors and anyone else viewing his credit reports have seen the false information that the judgment remains outstanding.

16. The Federal Fair Credit Reporting Act, 15 U.S.C. § 1681e(b), states that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

17. Plaintiff is therefore informed and believes that Defendant fails to maintain and follow reasonable procedures to assure maximum possible accuracy of the information about him, as Defendant has published credit reports to multiple potential creditors since July of 2013 that contains the unequivocally false information that the

Joe Bartlett judgment remains active in the amount of $1,650.00.

18. The Ninth Circuit has already found that similar conduct engaged in by another consumer credit reporting agency—publishing credit reports to potential third party creditors with the inaccurate information that a lawsuit resulted in a judgment, even though the lawsuit was dismissed—states a prima facie showing of a violation of 15 U.S.C. 1681e(b). *Dennis v. BEH-1, LLC*, 520 F.3d 1066, 1069-1070 (9th Cir. 2008).

19. A violation of the FCRA is "willful" if it involves the commission not only of "acts known to violate the [FCRA]," but also "reckless disregard of statutory duty." *Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 56-57 (2007).

20. Plaintiff is informed and believes that Defendant's violations were negligent at a minimum, and/or willful, as Defendant could have easily updated the reporting of this judgment by simply reviewing the court file and observing the one sheet of paper that also happens to be the last sheet of paper filed in the court record.

**FIRST CAUSE OF ACTION**
**FEDERAL FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681e(b)**

21. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

22. As a credit reporting agency, Defendant EQUIFAX has always been required to comply with 15 U.S.C. § 1681e(b) of the Federal FCRA.

23. The FCRA, 15 U.S.C. § 1681e(b), states that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

24. Plaintiff is therefore informed and believes that Defendant fails to maintain and follow reasonable procedures to assure maximum possible accuracy of the information about him, as Defendant has published credit reports to multiple potential creditors since July of 2013 that contains the unequivocally false information that the

4
**Complaint for Damages and Injunctive Relief**

Joe Bartlett judgment remains active in the amount of $1,650.00.

25. The Ninth Circuit has already found that similar conduct engaged in by another consumer credit reporting agency—publishing credit reports to potential third party creditors with the inaccurate information that a lawsuit resulted in a judgment, even though the lawsuit was dismissed—states a prima facie showing of a violation of 15 U.S.C. 1681e(b). *Dennis v. BEH-1, LLC*, 520 F.3d 1066, 1069-1070 (9th Cir. 2008).

26. A violation of the FCRA is "willful" if it involves the commission not only of "acts known to violate the [FCRA]," but also "reckless disregard of statutory duty." *Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 56-57 (2007).

27. Plaintiff is informed and believes that Defendant's violations were negligent at a minimum, and/or willful, as Defendant could have easily updated the reporting of this judgment by simply reviewing the court file and observing the one sheet of paper that also happens to be the last sheet of paper filed in the court record.

28. As a result, Plaintiff has suffered embarrassment, anxiety, nervousness, and feelings of despair and frustration over the thought that the entire system of credit exists to keep him oppressed and unable to rebuild his credit to move on as a productive consumer, even though he has clearly satisfied the judgment in full, as well as fear, humiliation, and embarrassment over the thought that his creditors and anyone else viewing his credit reports have seen the false information that the judgment remains outstanding.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against all Defendants individually, and Plaintiff be awarded damages as follows:

1. Actual damages in the amount of $10,000.00, or as the jury may allow at trial, pursuant to 15 U.S.C. §§1681n(a)(1)(A) and 1681o(a)(1) of the Federal FCRA, for both negligent and willful violations;

2. Plus, statutory damages in the amount of $1,000.00 per willful violation pursuant to 15 U.S.C. §1681n(a)(1)(A) of the Federal FCRA;

3.     Plus, punitive damages in the amount of $10,000.00 per willful violation pursuant to 15 U.S.C. §1681n(a)(2) of the Federal FCRA

4.     Injunctive relief to remove the inaccurate derogatory credit reporting information;

5.     Plus, any reasonable attorney's fees and costs to maintain the instant action pursuant to 15 U.S.C. §§1681n and 1681o of the Federal FCRA.

## TRIAL BY JURY

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

SEMNAR & HARTMAN, LLP

DATED: 07/29/2016          */s/ Jared M. Hartman, Esq.*
                           JARED M. HARTMAN, ESQ.
                           Attorney for Plaintiffs